UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEPHANIE SAILOR,

                Plaintiff,

      – against –

EISAI, INC.,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 04 CV 10234 (RB)

**ANSWER AND**
**AFFIRMATIVE DEFENSES**

        Defendant EISAI INC. (improperly referred to in the Complaint as "Eisai, Inc." and hereinafter "Eisai" or "Defendant"), by its attorneys, Epstein Becker & Green, P.C., answer the Complaint of plaintiff Stephanie Sailor ("Plaintiff") as follows:

### RESPONSE TO JURISDICTION AND VENUE

        1.    Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the Complaint, except admits the allegation contained in the paragraph's second sentence.

        2.    Defendant denies the allegations contained in paragraph 2 of the Complaint, except admits that Defendant is a pharmaceutical corporation that does business in Teaneck, New Jersey and New York, New York.

        3.    Defendant denies the allegations contained in paragraph 3 of the Complaint, except admits that Defendant does business with non-party Pfizer, Inc., some members of Defendant's medical services department have attended meetings in Manhattan, and, in November 2004, Plaintiff attended a teambuilding conference in Manhattan, and that Defendant has filed an unrelated action in this Court.  Further, Defendant makes no response to

Plaintiff's legal conclusion concerning personal jurisdiction, as no response is required. To the extent a response was required to this legal conclusion, Defendant denies that any acts were committed anywhere giving rise to any proper claim by Plaintiff.

4. Paragraph 4 of the Complaint contains a legal conclusion concerning subject matter jurisdiction, to which no response is required. To the extent a response was required, Defendant denies that any acts were committed anywhere giving rise to any proper claim by Plaintiff.

5. Paragraph 5 of the Complaint contains a legal conclusion concerning venue, to which no response is required. To the extent a response was required, Defendant denies that any acts were committed anywhere giving rise to any proper claim by Plaintiff.

6. Defendant lacks sufficient knowledge or information to admit or deny the allegation contained in paragraph 6 of the Complaint.

## RESPONSE TO STATEMENT OF FACTS

7. Defendant denies the allegations contained in paragraph 7 of the Complaint, except admits the allegations contained in the paragraph's first and third sentences.

8. Paragraph 8 of the Complaint contains a legal and/or medical conclusion concerning Plaintiff's allegation of having "multiple physical disabilities," to which no response is required. To the extent a response was required, Defendant lacks sufficient knowledge or information to admit or deny the allegation. Further, Defendant lacks sufficient knowledge or information to admit or deny the paragraph's remaining allegations.

9. Defendant admits that the phrase "human health care is our goal" is included in a statement summarizing Defendant's mission.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint, except admits that the language quoted from a portion of the e-mail is accurate.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint, except admits the allegations contained in the paragraph's first two sentences.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint, except admits that Defendant has an FMLA policy which provides that all information about an employee's medical condition is confidential and will be kept in separate files by the Human Resources Department.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint, except admits that Defendant's Human Resources Department requested a medical certification from Plaintiff and Plaintiff shared the medical certification with her supervisors.

15. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint, except admits that Plaintiff returned to work on September 16, 2004.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint, except admits that Plaintiff applied for FMLA Intermittent Leave, and Plaintiff met with members of Defendant's Human Resources Department and her managers regarding her position.

NY:496004v1

18. Defendant denies the allegations contained in paragraph 18 of the Complaint, except admits that Plaintiff changed jobs from "Medical Communications Assistant" to "Customer Support Technology Specialist," effective September 22, 2004.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint, except admits that Dr. Lambe and Ms. Deutsch informed Plaintiff that she would not be permitted to work at night or on Saturdays without the presence of her management.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint, except admits the allegations contained in the paragraph's first sentence and that Plaintiff stated that intermittent FMLA leave restricted her ability to perform her work.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint, except admits the allegations contained in the paragraph's first two sentences.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint, except admits that Plaintiff came in second in the Human Health Care Innovation Paper Contest.

26. Defendant admits the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint, except admits that, on November 22, 2004, during a meeting with her management, Plaintiff received a "verbal warning" due to her work performance.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint, except lacks sufficient knowledge and information to admit or deny the allegations contained in the paragraph's last sentence.

32. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 32 of the Complaint, except admits that $700 was allocated towards the "Paintfest Project."

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 34 of the Complaint, as they pertain to Plaintiff's state of mind.

35. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 35 of the Complaint, except admits the allegation contained in the paragraph's third sentence.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint, except admits that Plaintiff requested to telecommute and Defendant denied her request.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

**RESPONSE TO PLAINTIFF'S
FIRST CAUSE OF ACTION**
**(Failure to Make Reasonable Accommodations)**

38. Defendant repeats and realleges each and every response contained in the preceding paragraphs as if fully set forth at length herein.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

**RESPONSE TO PLAINTIFF'S
SECOND CAUSE OF ACTION**
**(Disability Discrimination)**

40. Defendant repeats and realleges each and every response contained in the preceding paragraphs as if fully set forth at length herein.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

### RESPONSE TO PLAINTIFF'S
### THIRD CAUSE OF ACTION
### (Disability Retaliation)

42. Defendant repeats and realleges each and every response contained in the preceding paragraphs as if fully set forth at length herein.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

### RESPONSE TO PLAINTIFF'S
### FOURTH CAUSE OF ACTION
### (Interference with Family and Medical Leave Act)

44. Defendant repeats and realleges each and every response contained in the preceding paragraphs as if fully set forth at length herein.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

### RESPONSE TO PLAINTIFF'S
### FIFTH CAUSE OF ACTION
### (Family and Medical Leave Act Retaliation)

46. Defendant repeats and realleges each and every response contained in the preceding paragraphs as if fully set forth at length herein.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

## RESPONSE TO PLAINTIFF'S
## SIXTH CAUSE OF ACTION
**(Fair Labor Standards Act)**

48.     Defendant repeats and realleges each and every response contained in the preceding paragraphs as if fully set forth in full herein.

49.     Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
Plaintiff has sustained no actual damages.

### THIRD DEFENSE
All actions undertaken with respect to Plaintiff were nondiscriminatory, were based on sound business judgment, were neither arbitrary nor capricious, and were undertaken in good faith and in compliance with all applicable laws.

### FOURTH DEFENSE
The Complaint, and each purported claim alleged therein, fails to allege facts sufficient to allow recovery of general, special, compensatory, or punitive damages.

Defendant reserves the right to raise other affirmative and other defenses that may subsequently become or appear applicable to some or all of Plaintiff's causes of action.

WHEREFORE, Defendant respectfully requests that this Court enter a judgment:

NY:496004v1

      a.   Dismissing the Compliant with prejudice;

      b.   Directing Plaintiff to pay Defendant the costs to defend this action, including reasonable attorneys' fees and interest; and

      c.   Awarding such other and further relief as this Court deems just and proper.

New York, New York
February 7, 2005

                EPSTEIN BECKER & GREEN, P.C.

                By:  S/John P. Barry
                John P. Barry, Esq. (JB 6489)
                250 Park Avenue
                New York, New York 10177
                (212) 351-4500
                Attorneys for Defendant

NY:496004v1